# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | 2008008165; 2008008210 |
| | ) | |
| AMEER DUNN and JAHEIM | ) | |
| HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Submitted: July 19, 2021
Decided: July 20, 2021

*Upon Defendant Jaheim Hamilton's Motion to Transfer Charges to Family Court,*
**GRANTED.**

Erika Flaschner, Esquire, and Christina Ruggiero, Esquire, Deputy Attorneys General, Department of Justice, Wilmington, Delaware. *Attorneys for the State.*

Kevin Tray, Esquire, Law Office of Kevin Tray, Wilmington, Delaware. *Attorney for Defendant Jaheim Hamilton.*

**MEDINILLA, J.**

1

## I. INTRODUCTION

1. Defendants Ameer Dunn and Jaheim Hamilton, ages 17 and 16[1] seek to transfer their charges to Family Court under 10 *Del. C.* § 1011. They stand accused of Theft of a Motor Vehicle, two counts of Attempted Assault First Degree, five counts of Reckless Endangering First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy Second Degree, and Possession or Control of a Firearm by a Prohibited Juvenile.

2. After both defendants sought a preliminary determination as to whether the State had carried its respective burdens of proof to try them as adults, the Court determined in Part I of the Reverse Amenability hearing that the State established its *prima facia* case against both Defendants to support a fair likelihood of conviction under a theory of accomplice liability.[2] Though the State failed to establish its burden under 11 *Del. C.* § 1447A(f) to mandate Defendants be tried as adults for the firearm charges, the Court determined that it may exercise its discretion and determine whether to retain jurisdiction.[3]

3. Accordingly, the Court held Part II of the bifurcated hearing for Defendant Hamilton on July 19, 2021. The factual and procedural history will not

---

[1] Ameer Dunn's date of birth is October 14, 2002; Jaheim Hamilton's date of birth is October 10, 2003.

[2] *See* Memorandum Opinion, *State of Delaware v. Jaheim Hamilton*, Crim. ID. No. 2008008210, D.I. 11, at 9 (Del. Super. Ct. Apr. 15, 2021).

[3] *Id.* at 14-15.

be reiterated.[4] At the hearing, the State called Jennifer Skinner, Family Service Specialist Supervisor for the New Castle County Detention Center/Stevenson House and Pre-trial Services, employed with the Division of Youth Rehabilitative Services for the Department of Services for Children, Youth & their Families (DSCYF). Her and Jennifer Wilson's Reverse Amenability Report dated June 1, 2021 was introduced into evidence. Defendant called Nicole Kelly Walker, Psy.D., a clinical psychologist for Forensic Associates of Delaware, LLC. Her Psychological Evaluation Report dated July 9, 2021 was also introduced into evidence. No other witnesses were called.

4.      The Court considers whether Defendant Hamilton is amenable to the rehabilitative process of the Family Court[5] and weighs the four factors set forth in 10 *Del. C.* § 1011(b).[6]

---

[4] For a recitation of the facts, *see* Memorandum Opinion, *State of Delaware v. Jaheim Hamilton*, Crim. ID. No. 2008008210, D.I. 11, at 3-7 (Del. Super. Ct. Apr. 15, 2021).

[5] *See generally* 10 *Del. C.* §§ 1010-11 (2013 & Supp. 2016). *See Hughes v. State*, 653 A.2d 241, 249 (Del. 1994) (quoting *Marine v. State*, 624 A.2d 1181, 1184 (Del. 1993); *Marine v. State*, 607 A.2d 1185, 1209 (Del. 1992)).

[6] *See, e.g., State v. Harper*, 2014 WL 1303012, at *5-7 (Del. Super. Mar. 31, 2014); *see also* 10 *Del. C.* § 1011(b) (stating that the Court may consider evidence of: (1) "[t]he nature of the present offense and the extent and nature of the defendant's prior record, if any;" (2) "[t]he nature of past treatment and rehabilitative efforts and the nature of defendant's response thereto, if any;" (3) "[w]hether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court[;]" and (4) any "other factors which, in the judgment of the Court are deemed relevant.").

## II.   DISCUSSION

### A. Section 1011(b) Factor One: Nature of Present Offense and the Extent and Nature of Defendant's Prior Record

5.      The first § 1011(b) factor is two-pronged. The first prong factor focuses on the nature of the present offense. The evidence against Mr. Hamilton for the offense of Theft of a Motor Vehicle is strong and his behavior with co-defendant Dunn demonstrates a conscious decision to steal a vehicle where at least one of the defendants possessed and fired a firearm while so doing. What evolved after the car was stolen resulted in the shooting of an innocent mother who was sitting in her room when shots were fired in her home. This weighs against transfer.

6.      Yet the second prong weighs in favor of transfer. Mr. Hamilton has only one prior adjudication for misdemeanor Theft and Criminal Trespass in the Third Degree and his criminal "history" is one year old. For these reasons and for those stated on the record, this factor weighs neither for nor against transfer.

### B. Section 1011(b) Factor Two: Nature of Past Treatment and Defendant's Response

7.      For the reasons that are fully set out in Ms. Skinner and Ms. Wilson's report and as outlined by the Court on the record, this Court accepts that Mr. Hamilton has responded well to past treatment. No other evidence was presented to the contrary. He has also responded well while detained, adjusting and excelling in

both placements at the NCC Detention Center and Stevenson House, where he has attained and managed to maintain Gold Shirt Status in both.

8.     Furthermore, Dr. Walker's assessments (ex. Personality Assessment Inventory-Adolescent Version (PAI-A) instrument and the Risk-Sophistication-Treatment Inventory (RSTI)) provided uncontroverted evidence Mr. Hamilton is capable, and "wants to and expects to be able to make the necessary changes to his behavior (e.g. choosing friends)...."[7] Accordingly, Mr. Hamilton's scores as to his maturity, sophistication, risks of dangerousness, and treatment amenability, etc. lead this Court to weigh this factor in favor of transfer.

**C. Section 1011(b) Factor Three: Interests of Society and Defendant**

9.     Though the State presented concern that Mr. Hamilton only excels within the confines of the detention facilities because he is removed from influences such as cell phones, peer pressures, or "friends" such as Co-Defendant Dunn, the testimony presented from both witnesses for the State and Mr. Hamilton supports findings that therapeutic and rehabilitative programing are available through YRS and generally within the juvenile justice system. If Mr. Hamilton, after having been detained for almost one year, has matured (or at least learned from his mistakes,) it is in his best interest as well as society's to employ such services and allow him an

---

[7] Psychological Evaluation of Nicole Kelly Walker, Psy.D., at 8 (July 9, 2021).

opportunity to take advantage of what may be of benefit to him through Family Court.

## Conclusion

Under § 1011(b), the Court finds that the factors weigh in favor of transfer. For the reasons stated as more fully set out on the record, Defendant's Motion is **GRANTED.**

**IT IS SO ORDERED**

_____
Judge Vivian L. Medinilla

oc:   Prothonotary
cc:   Defendant